UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MIKE SETTLE ]
    Petitioner, ]
     ]
v. ] No. 3:09-0663
     ] Judge Trauger
RICKY BELL, WARDEN ]
    Respondent. ]

## O R D E R

On July 13, 2009, the petitioner filed a *pro se* petition under 28 U.S.C. § 2241 alleging that a breach of his plea agreement had led to an adverse "execution of his sentence or manner in which the sentence is being served." Docket Entry No. 1 at pg. 3.

Upon preliminary review of the petition, the Court determined that the petitioner had failed to plead and show that he had first exhausted all administrative remedies prior to filing the instant action. Accordingly, an order (Docket Entry No. 5) was entered dismissing the petition without prejudice.

Presently before the Court is the petitioner's Motion to Alter or Amend the Order of Dismissal (Docket Entry No. 8). In his motion, the petitioner no longer characterizes this action as an attack upon the execution of his sentence. Rather, the petitioner seeks relief "because the federal court imposed a consecutive sentence rather than concurrent." *Id.* at pg. 1. He argues that the exhaustion of his claims in an earlier action brought pursuant to 28 U.S.C. § 2255 was sufficient to satisfy any exhaustion requirement applicable to the instant action.

The petitioner has clarified the fact that this action was intended to attack the imposition

rather than the lawful execution of his federal sentence. But § 2241 is not an appropriate vehicle through which to challenge the imposition of a consecutive sentence. United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). The petitioner, therefore, has not shown that this action was dismissed in error. Accordingly, the Motion to Alter or Amend the Order of Dismissal lacks merit and is hereby DENIED.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge